UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., | CASE NO. MC10-90-MJP-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

Plaintiff John Demos submitted an application for leave to proceed *in forma pauperis* ("IFP") and a proposed tort action to the Northern District of New York, which transferred this matter to the Western District of Washington.[1] (Dkts. 1, 2, 3.) Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of

---

1 Plaintiff purports to represent a self-created entity called "The Society of T.R.U.T.H." but signs the complaint only on his own behalf. As a non-attorney appearing *pro se*, plaintiff may appear on his own behalf but has no authority to appear as an attorney for others. *See Johns v. County of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997).

Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff has already filed three IFP applications and proposed civil actions in 2010. *See Demos v. State of Washington*, MC10-12-JLR (W.D. Wash., filed Jan. 26, 2010); *Demos v. State of Washington*, MC10-16-JLR (W.D. Wash., filed Feb. 2, 2010); *Demos v. Vail*, MC10-20-JLR (W.D. Wash., filed Jan. 11, 2010). Plaintiff may not, therefore, submit the present IFP application and proposed tort action. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). In addition, he has failed to demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

//

//

//

01       The Court recommends that plaintiff's application to proceed IFP be denied and the

02  accompanying tort action be dismissed.   A proposed Order is attached.

03       DATED this 13th day of July, 2010.

                                        _____
05                                      JAMES P. DONOHUE
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3